**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 10-60073-MC-UNGARO/SIMONTON**

**DWIGHT FLATT,**

> **Movant,**

**v.**

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**

> **Respondent.**

_____/

**ORDER DENYING MOVANT'S MOTION
TO QUASH OR FOR A PROTECTIVE ORDER
NARROWING THE SCOPE OF SUBPOENA**

Presently pending before the Court is Dwight Flatt's Motion to Quash or For a Protective Order Narrowing the Scope of Respondent's Subpoena To Bank of America, N.A. Seeking Production of Private Banking Records (DE # 1). The Motion has been referred by the Honorable Ursula Ungaro to the undersigned United States Magistrate Judge (DE # 5). The Government has filed an Opposition to the Motion (DE # 6). The Movant has not filed a Reply and the time for doing so has elapsed. For the reasons stated below, Dwight Flatt's Motion to Quash or for Protective Order is DENIED.

**I. BACKGROUND**

Movant Dwight Flatt filed the instant Motion seeking to quash the administrative subpoena or for the entry of a protective order related to an administrative subpoena served on Bank of America, N.A. by the U.S. Securities and Exchange Commission ("SEC") seeking certain banking records related to bank accounts maintained by Mr. Flatt and/or Spartan Equity Consultants, LLC., ("Spartan"). The Subpoena is captioned, "In the Matter of Magnum d'Or Resources, Inc., FL-3490" and specifically commands the Bank to produce various account information documents reflecting credits, debits,

charges, deposits and/or withdrawals for all accounts held in the name of Spartan Equity Consultants, LLC and/or Dwight Flatt for the period of January 1, 2007 through the present (DE # 1-1 at 4-6).   In addition, a letter addressed to Mr. Flatt from the SEC which accompanied the subpoena at issue and is attached to the Motion to Quash, indicates that an investigation into Magnum D'Or Resources, Inc., has been launched regarding possible violations of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 and Section 19(b) of the Securities Exchange Act of 1934 and Rule 10b-5.  Mr. Flatt asserts that he is entitled to have the Subpoena quashed based upon the customer privacy provisions contained in The Right to Financial Privacy Act 12 U.S.C.A. § 3410, et seq., ("RFPA" of "Act").

The Government counters that the Subpoena seeks documents relevant to a legitimate law enforcement inquiry, and should therefore not be quashed pursuant to the customer protections provisions set forth in the RFPA.

## II.  LEGAL STANDARD

The RFPA provides, in relevant part,

> (a) Filing of motion to quash or application to enjoin; proper court; contents
>
> ...a customer may file a motion to quash an administrative summons or judicial subpena, or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request, with copies served upon the Government authority...Such motion or application shall contain an affidavit or sworn statement-
>
> (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and
>
> (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in

its notice, or that there has not been substantial compliance
with the provisions of this chapter.

12 U.S.C. § 3410(a).  In addition, § 3410(c) provides,

(c) Decision of court

If the court finds that the applicant is not the customer to
whom the financial records sought by the Government
authority pertain, or that there is a demonstrable reason to
believe that the law enforcement inquiry is legitimate and a
reasonable belief that the records sought are relevant to that
inquiry, it shall deny the motion or application, and, in the
case of an administrative summons or court order other than
a search warrant, order such process enforced. If the court
finds that the applicant is the customer to whom the records
sought by the Government authority pertain, and that there is
not a demonstrable reason to believe that the law
enforcement inquiry is legitimate and a reasonable belief that
the records sought are relevant to that inquiry, or that there
has not been substantial compliance with the provisions of
this chapter, it shall order the process quashed or shall
enjoin the Government authority's formal written request

12 U.S.C. §3410(c).

III.  <u>PARTIES' POSITIONS</u>

As stated above, in the Motion, Mr. Flatt seeks to quash the subpoena that was

issued by the SEC related to bank accounts maintained at Bank of America in the name

of Mr. Flatt and/or Spartan.  In support of his Motion, Mr. Flatt has submitted his own

Declaration stating that he is a customer of Bank of America, N.A., that the SEC has

subpoenaed his financial and banking records from Bank of America for the period from

January 1, 2007, and that the requested records are not relevant to a legitimate law

enforcement inquiry (DE # 1).  Mr. Flatt also asserts that the subpoena is overly broad

because it seeks any and all financial records from Mr. Flatt or Spartan Equity

Consultants, LLC., rather than limiting the request to records related to Magnum d'Or

Resources, Inc., ("Magnum"), the subject of the SEC investigation.  Mr. Flatt therefore

3

requests, in the alternative to quashing the subpoena, that the court issue a protective order narrowing the scope of the subpoena to records related only to Magnum d'Or Resources.

In its Verified Opposition to the Motion, the SEC first asserts that Mr. Flatt lacks standing to challenge the subpoena under the RFPA on behalf of Spartan because the RFPA only provides relief for individual "customers" and not for limited liability corporations like Spartan.  In addition, the SEC asserts that its investigation of Magnum is a legitimate law-enforcement inquiry and that the subpoenaed documents are relevant to that investigation.  Specifically, the SEC asserts that on October 30, 2009, the Commission entered a formal order of investigation pertaining to Magnum which has produced evidence that Magnum issued S-8 shares to various individuals, including Mr. Flatt, in violation of certain securities laws.  The SEC staff believes that after receiving the shares from Magnum, Mr. Flatt sold the shares and placed the proceeds from the sales in his Spartan Equity business bank account, as well as his personal account. The SEC therefore argues that Mr. Flatt has failed to meet his burden of demonstrating that the subpoenaed documents have no connection to the subject matter of the investigation.  In support of its Opposition, the SEC has submitted the Verification of Julie Russo, an attorney with the SEC's Division of Enforcement in Miami who certifies that the facts set forth in the SEC's Opposition regarding the investigation are true and correct.

IV.  <u>ANALYSIS</u>

A.    <u>Standing to Challenge Subpoena for Spartan Equity Consultants, LLC.</u>

The SEC first argues that Mr. Flatt lacks standing to challenge the subpoenas at

issue on behalf of Spartan, a Limited Liability Company, because the RFPA only provides relief to individual customers and not businesses like Spartan.

The Right to Financial Privacy Act contains definitions related to the relief available under the Act and specifically provides that "'customer' means any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name." 12 U.S.C.A. § 3401 (5).  In addition, the Act defines "person" as "an individual or a partnership of five or fewer individuals." 12 U.S.C.A. § 3401 (4)  In *Exchange Point, LLC. v. U.S. Securities and Exchange Commission*, 100 F. Supp. 2d 172, 174-76 (S.D.N.Y. 1999), a district court examined these particular definitions under the RFPA and held that the customer protections available under the Act did not apply to limited liability corporations because those entities do not meet the limited definitions of "customers" and "persons" under the Act.  In arriving at its determination, the court observed that the primary purpose of the RFPA was to protect the privacy rights of individuals and small partnerships. The court further opined that, although in certain situations an LLC is viewed more like a partnership than a corporation, because typically no member of an LLC is liable for the debts of the company, an LLC is not entitled to the "customer" protections of the RFPA. *Id*.[1]  Other courts have reached similar conclusions and noted that generally courts strictly construe the definition of "customer" under the Act. *See Pittsburgh National Bank v. United States,* 771 F.2d 73, 75 (3d Cir. 1985) *(*declining to expand Act's coverage

---

[1]In *Exchange Point*, the Court examined the characteristics of an LLC under Delaware business law.  However, the court's analysis on this point is equally applicable to LLCs formed under Florida law.

5

to include other entities, finding the limited definition of a customer to be dispositive*);
Accord Spa Flying Serv., Inc. v. United States*, 724 F.2d 95, 96 (8th Cir. 1984) (noting
Act's definitions are unmistakable and holding corporations excluded because not
specifically enumerated therein); *Chao v. Cmty. Trust Co., 474 F.3d 75, 88 (*3d Cir.2007*)
(*same*); Collins v. Commodity Futures Trading Comm'n*, 737 F. Supp. 1467 (N.D. Ill. 1990)
(same); *Donovan v. Nat'l Bank*, 696 F2d 678, 683  (9th Cir. 1983) (declining to extend
Act's protections beyond individual customer records to records held by employee
benefit plan entity).

      In this case, the Plaintiff does not dispute that Spartan Equity Consultants is a
Limited Liability Company organized under the laws of the state of Florida.  Thus, as
pointed out by the Government, much like the LLC at issue in *Exchange Point*, Spartan
does not meet the definition of either an individual or a partnership under the RFPA and
therefore is not a "customer" under the Act.  Moreover, Spartan's members, including
Mr. Flatt, are unlike persons in a partnership, in that they are not liable for the debts of
the company and thus do not fall into the category of persons intended to be protected
by the RFPA.[2]  Accordingly, the undersigned concludes that the customer protections in
the RFPA do not provide a basis to quash the SEC subpoena in this matter on behalf of
Spartan.

      **B. <u>SEC Subpoena as Legitimate Law Enforcement Inquiry seeking
Relevant Documents</u>**

      Mr. Flatt also challenges the SEC subpoena as not being a legitimate law

---

    [2] **Florida Statute § 608.4227, provides in relevant part, that the members,
managers, and managing members of a limited liability company are not liable, solely by
reason of being a member or serving as a manager or managing member, under a
judgment, decree, or order of a court, or in any other manner, for a debt, obligation, or
liability of the limited liability company.**

enforcement inquiry as it pertains to him.  As stated above, the RFPA provides that a court may grant a motion to quash the Government's subpoena requesting a customer's financial records from a financial institution if the court determines that: 1) the person seeking to quash the subpoena is the customer to whom the financial records pertain; and, 2) there is no demonstrable reason to believe that the law enforcement inquiry is legitimate and the records sought are relevant to that inquiry.

The undersigned has carefully reviewed the Subpoena at issue and the undisputed statements contained in the Government's Opposition to the Motion to Quash, and concludes that although it appears that Mr. Flatt meets the first prong of the test set forth in the Act, his Motion to Quash should still be denied because he fails to satisfy the second prong of the test.  Specifically, based upon the representations by the Government in its papers, the SEC is engaged in a legitimate law enforcement inquiry. Indeed, the Movant does not assert that the investigation by the SEC related to potential securities violations by Magnum is not legitimate or does not qualify as law enforcement inquiry.  Moreover, there is no indication that the SEC's contention that it seeks the documents to assist in tracing the monies between Magnum and its consultants, including Mr. Flatt, which may have involved the improper share transactions, is untrue. Thus, the SEC has demonstrated that it is engaged in a legitimate law enforcement inquiry.

Similarly, Mr. Flatt's argument that the subpoena is overly broad and seeks irrelevant documents that are not limited to transactions involving Magnus, also fails. As stated by the Fifth Circuit,

> For purposes of an administrative subpoena, the notion of relevancy is a broad one. An agency can investigate merely on the suspicion that the law is being violated, or even just

7

> because it wants assurance that it is not. So long as the
> material requested *touches* a matter under investigation,  an
> administrative subpoena will survive a challenge that the
> material is not relevant.

*Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F. 2d 875 (5th Cir.

1989) (emphasis added) (citations and quotations omitted).  In this case, Mr. Flatt has not

asserted that he has no knowledge of the Magnus transactions at issue, but rather

contends that he is not the subject of the investigation and would like to cooperate with

the investigation.  Therefore, this is not a case in which the customer has no connection

to the transactions or the entity under investigation, or where a subpoena seeks

documents from a multi-national corporation which in no way relate to the investigation.

*See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D.N.Y. 1996) (quashing

subpoena that sought documents from investment bank company for all transactions

with company under investigation over ten-year period, including international divisions

of company without any ties to transactions at issue).  In addition, the SEC asserts that it

is in need of the requested bank records to trace the path of the proceeds of the alleged

illegal transactions committed by Magnus.  Such funds may have been distributed to

other persons or entities through the subpoenaed bank accounts, or may have been

handled as pass-through investor funds, and thus would not necessarily be labeled as

Magnum transactions.  Thus, it is impossible to ascertain at this juncture which specific

bank account transactions involve Magnum proceeds, or to identify the names of all of

the persons or entities involved in those transactions.  As such, the Subpoena is not

overbroad. *Accord*, *S.E.C. v. Dowdell*, 144 Fed. Appx. 716, 724 (10th Cir. Aug. 3, 2005)

(affirming district court's denial of motion to quash where SEC subpoena sought to trace

funds which passed through bank account of lawyer who introduced parties to the

8

investigation target).  Simply put, under the facts of this case, Mr. Flatt, as the movant, has failed to demonstrate that the SEC subpoena seeks documents that are not relevant to or touch upon a legitimate law enforcement investigation; and, on the contrary, the SEC has demonstrated that the documents are relevant to a legitimate law enforcement investigation.  *See Davidov v. U.S. S.E.C.*, 415 F. Supp. 2d 386, 391 (S.D.N.Y. 2006) (stating under RFPA plaintiff must first show factual basis for his conclusion that records sought are irrelevant and then agency must only show reasonable belief that records sought are relevant).  Thus, the Court declines to limit the subpoena on these grounds, as well.

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Dwight Flatt's Motion to Quash or For a Protective Order Narrowing the Scope of Respondent's Subpoena To Bank of America, N.A. Seeking Production of Private Banking Records (DE # 1) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, on April 14, 2010.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Ursula Ungaro,
        United States District Judge
All counsel of record

9